24CA0340 Peo v Wakefield 12-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0340
City and County of Denver District Court No. 14CR1513
Honorable Karen L. Brody, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Timothy Wakefield,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Timothy Wakefield, Pro Se

¶ 1     Defendant, Timothy Wakefield, appeals the district court's order denying his Crim. P. 35(b) motions for reduction of his sentence. We affirm.

## I.     Background

¶ 2     Wakefield fatally shot his longtime friend, Christopher Demarco, who was visiting from out of state. Although Wakefield insisted that he was acting in self-defense and that he didn't mean to shoot Demarco, multiple eyewitnesses disputed his version of the shooting. The prosecution charged him with first degree murder.

¶ 3     At Wakefield's first trial in 2015, a jury convicted him of the lesser included offense of second degree murder. The district court imposed the maximum sentence in the aggravated range — forty-eight years in the custody of the Department of Corrections (DOC). *See* § 18-1.3-401(1)(a)(V)(A), (8)(a), C.R.S. 2024. On appeal, a division of this court reversed Wakefield's conviction and remanded the case for a new trial due to the district court's failure to instruct the jury on self-defense. *People v. Wakefield*, 2018 COA 37, ¶ 44; *see id.* at ¶ 16 (listing the evidence at trial supporting such an instruction).

1

¶ 4     At Wakefield's second trial in 2019, a jury rejected the self-defense theory and again convicted him of second degree murder. A different judge presided over the second trial, but the court reached the same conclusion regarding Wakefield's sentence — it, too, imposed a forty-eight-year DOC sentence. A division of this court affirmed the judgment. *People v. Wakefield*, (Colo. App. No. 19CA1493, Nov. 23, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 5     In two separate and nearly simultaneous motions, both Wakefield and his appointed counsel timely moved for a reduction of sentence under Crim. P. 35(b). Both motions generally argued that Wakefield was a worthy candidate for sentence reduction due to his progress in prison, his lack of a significant criminal record, and his allegedly low risk for recidivism. The district court — a third judge to consider Wakefield's sentence — requested a response from the prosecutor. After considering the court file, motions, supporting materials (including several exhibits demonstrating Wakefield's progress in prison), and the applicable law, the court denied the motions in a written order.

## II.    Discussion

¶ 6    Wakefield, representing himself, contends that the district court abused its discretion by failing to consider the fairness of his sentence, mitigation evidence, and whether the sentence was consistent with *People v. Opana*, 2017 CO 56, ¶ 3.  We perceive no abuse of discretion.

### A.    Standard of Review and Applicable Law

¶ 7    We review the district court's denial of a Crim. P. 35(b) motion for an abuse of discretion.  *See People v. Dunlap*, 36 P.3d 778, 782 (Colo. 2001).  A court abuses its discretion when it misconstrues or misapplies the law.  *People v. Hunsaker*, 2013 COA 5, ¶ 25, *aff'd*, 2015 CO 46.

¶ 8    An order denying a Crim. P. 35(b) motion doesn't require findings of fact; rather, the district court "should provide a statement of the basic reasons in support of its ruling."  *Dunlap*, 36 P.3d at 782.  "Only if the [district] court has refused to consider *any* information in mitigation and fails to make findings in support of its decision is there a failure by the [district] court to exercise its judicial discretion."  *People v. Busch*, 835 P.2d 582, 583 (Colo. App. 1992).  When reviewing the denial of a Crim. P. 35(b) motion, we do

not consider the propriety of the sentence. *Id.*; *People v. Barnett*, 2020 COA 167, ¶ 31.

## B. Application

¶ 9     As we read the district court's order, the court explained its sentencing decision with the following findings. The court found the nature of Wakefield's crime to be grave and serious because it was an inexplicable and unprovoked deadly act perpetrated against a friend. The court found an aggravating circumstance, in that Wakefield did not call 911 or attempt to aid Demarco after shooting him. It applauded Wakefield's efforts in prison but disagreed with Wakefield's assertion that his criminal record was so insignificant as to be unconcerning. And it observed that Wakefield has never accepted full responsibility for second degree murder; he continues to characterize the shooting as an accident or as justified by self-defense.

¶ 10    Considering these findings, the court concluded that Wakefield's forty-eight-year DOC sentence continues to be fair, just, and appropriate, even in light of his exemplary conduct in prison since that time. The court's order reflects an evaluation of the fairness of Wakefield's sentence and consideration of the mitigating

4

information.  We conclude that the district court properly exercised its discretion.

¶ 11    We do not consider Wakefield's argument that his sentence is inconsistent with the sentence the defendant received in *Opana*. This argument was not presented to the district court in either of his Crim. P. 35(b) motions.  *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.").

### III.   Disposition

¶ 12    The order is affirmed.

JUDGE TOW and JUDGE SCHUTZ concur.